## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DANIELS SHARPSMART PTY, LTD.<br>34 Cahill Street, Dandenong South<br>Victoria, Austrailia,<br><br>      Plaintiff,<br><br>      v.<br><br>TYCO HEALTHCARE GROUP LP, and<br>SHERWOOD SERVICES AG,<br><br>      Defendants. | Case No._____ |

## COMPLAINT FOR DECLARATORY JUDGMENT OF INVALIDITY, UNENFORCEABILITY AND NON-INFRINGEMENT

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Daniels Sharpsmart Pty, Ltd. ("Daniels") is a corporation organized and existing under the laws of Australia, having its principal place of business at 34 Cahill Street, Dandenong South, Victoria, Australia 3175.

2.      Upon information and belief, Defendant Tyco Healthcare Group LP ("Tyco") is a limited partnership organized and existing under the laws of the state of Delaware with a principal place of business at 15 Hampshire Street, Mansfield, MA 02048. Tyco claims to be the owner of United States Patent No. 5,947,285 ("the '285 patent," copy attached as Exhibit A), titled "Medical Waste Disposal Container" which issued on September 7, 1999.

3.      Upon information and belief, Defendant Sherwood Services AG ("Sherwood") is a Swiss corporation with a principal place of business at Bahnhofstraße 29, 8200 Schaffhausen Switzerland. Sherwood claims to be the owner of United States Patent No. 4,779,728 ("the ''728

patent," copy attached as Exhibit B), titled "Sharps Disposal Container" which issued on October 25, 1988.  Tyco and Sherwood are collectively referred to as "Defendants."

4.    This is an action for a declaratory judgment of non-infringement, unenforceability and invalidity of the '285 and '728 patents and for an injunction barring further attempts to enforce these patents.

5.    Tyco and Sherwood have targeted Daniels' products and customers for claims of infringement of these patents, including by filing a lawsuit against two other Daniels entities alleging infringement of these patents.  Therefore, an actual, justiciable and continuing controversy exists between Daniels and Defendants with respect to the validity and/or enforceability of the '285 and '728 patents and whether Daniels' products infringe those patents.

6.    This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.  Furthermore, because this action presents an actual controversy with respect to the validity and infringement of the '285 and '728 patents, the Court may grant the declaratory relief sought pursuant to 28 U.S.C. §§ 2201 and 2202.

7.    This Court has personal jurisdiction over Tyco as it regularly does business in this jurisdiction.

8.    This Court has personal jurisdiction over Sherwood pursuant to 35 U.S.C. § 293.

9.    Venue is proper in the district pursuant to 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND

10.    Daniels manufactures Daniels Sharpsmart containers in Australia and sells them worldwide, including in the United States.  Daniels Sharpsmart containers are devices used for

2

the safe disposal of medical "sharps," *i.e.*, needles and other sharp objects used by doctors and hospitals.

11.     On April 2, 2004, Defendants filed a complaint against two purported affiliates of Daniels in the United States District Court for the Eastern District of Virginia ("the Virginia Complaint"). The Defendants allege that The Daniels Corporation, Daniels Sharpsmart, Inc., and American Waste Industries, Inc. (the "Virginia Defendants") infringe the '285 and '728 patents by making, using, offering to sell, selling and/or importing Daniels Sharpsmart containers. Defendants also allege that the Virginia Defendants contributed to and induced the infringement of the '285 and '728 patents.

12.     Defendants' Virginia complaint is seriously flawed in several respects, including principally the lack of personal jurisdiction over the named Daniels Virginia defendants. The first-named Virginia defendant Daniels Corporation does not exist. The second-named Virginia defendant, Daniels Sharpsmart, Inc., does not make, use, offer to sell, sell, or import the Daniels Sharpsmart containers into the United States and has no contacts with the Commonwealth of Virginia.

13.     This complaint presents the real dispute between the proper parties.

14.     In light of Defendants' Virginia complaint, Daniels has a reasonable apprehension of imminently being sued by Defendants for infringement of the '258 and '728 patents.

## FIRST CAUSE OF ACTION

### Declaratory Judgment of Non-Infringement Of The '285 Patent

15.     Daniels repeats the allegations of the above paragraphs as if fully set forth herein.

16. Daniels' manufacture, use, sale, offer for sale, and/or importation of the Daniels Sharpsmart containers does not infringe, directly or indirectly, any claim of the '285 patent under 35 U.S.C. § 271.

17. In light of the foregoing, Daniels seeks a declaration that the manufacture, use, sale, offer for sale, and/or importation of the Daniels Sharpsmart containers does not infringe, directly or indirectly, any claim of the '285 patent.

18. Daniels is further entitled to permanent injunctive relief enjoining Defendants from taking any actions or making any statements inconsistent with Daniels' right to make, use, offer to sell, sell and/or import the Daniels Sharpsmart containers.

## SECOND CAUSE OF ACTION

### Declaratory Judgment of Invalidity And/Or Unenforceability Of The '285 Patent

19. Daniels repeats the allegations of the above paragraphs as if fully set forth herein.

20. Daniels seeks a declaration that the claims of the '285 patent are invalid and/or unenforceable under 35 U.S.C. §§ 102, 103, and/or 112.

## THIRD CAUSE OF ACTION

### Declaratory Judgment of Non-Infringement Of The '728 Patent

21. Daniels repeats the allegations of the above paragraphs as if fully set forth herein.

22. Daniels' manufacture, use, sale, offer for sale, and/or importation of the Daniels Sharpsmart containers does not infringe, directly or indirectly, any claim of the '728 patent under 35 U.S.C. § 271.

4

23.   In light of the foregoing, Daniels seeks a declaration that the manufacture, use, sale, offer for sale, and/or importation of the Daniels Sharpsmart containers does not infringe, directly or indirectly, any claim of the '728 patent.

24.   Daniels is further entitled to permanent injunctive relief enjoining Defendants from taking any actions or making any statements inconsistent with Daniels' right to make, use, offer to sell, sell and/or import the Daniels Sharpsmart containers.

## FOURTH CAUSE OF ACTION

### Declaratory Judgment of Invalidity and/or Unenforceability Of The '728 Patent

25.   Daniels repeats the allegations of the above paragraphs as if fully set forth herein.

26.   Daniels seeks a declaration that the claims of the '728 patent are invalid and/or unenforceable under 35 U.S.C. §§ 102, 103, and/or 112.

WHEREFORE, Daniels seeks the following relief from this Court:

(a)   A declaration that the manufacture, use, sale, offer for sale, and/or importation of Daniels Sharpsmart containers does not infringe, directly or indirectly, any of the claims of the '285 patent;

(b)   A declaration that the claims of the '285 patent are invalid and/or unenforceable under 35 U.S.C. §§102, 103, and/or 112;

(c)   A declaration that the manufacture, use, sale, offer for sale, and/or importation of Daniels Sharpsmart containers does not infringe, directly or indirectly, any of the claims of the '728 patent;

(d)   A declaration that the claims of the '728 patent are invalid and/or unenforceable under 35 U.S.C. §§102, 103, and/or 112;

(e)   A permanent injunction enjoining Defendants from taking any actions or making any statements inconsistent with Daniels' right to make, use, offer to sell, sell and/or import the Daniels Sharpsmart containers;

(f)  A declaration that this case is exception pursuant to 35 U.S.C. § 285 and awarding Daniels its reasonable costs, expenses and attorney fees incurred in this action; and

(g)  such other relief as this Court deems proper.

Dated:  April 28, 2004                    Respectfully submitted,

Joseph R. Lavelle (Bar #367011)
Jennifer L. Dzwonczyk (Bar #449719)
Marc A. Cohn (Bar #475852)
HOWREY SIMON   ARNOLD & WHITE, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel:  (202) 783-0800
Fax:  (202) 383-6610

*Attorneys for Plaintiff*
*DANIELS SHARPSMART PTY, LTD.*

6